SARAH LANG

*v.*

E. A. HITCHCOCK.

*Filed at Mt. Vernon June 21, 1881.*

1. CURTESY—*whether during life or during coverture—subject to sale on execution.* If a woman being seized of real estate married, and a child was born of the marriage before the Married Woman's act of 1861 took effect, the husband will have an estate in her lands for his life, but if the child was born after such law took effect, he will have an estate during coverture, and in either case his estate may be sold on execution.

2. Where land of a married woman, in which her husband has an estate by the curtesy, is sold on execution against the latter, the sale will be good as to his estate; and until his death, or the extinguishment of his estate by divorce, or otherwise, the wife will be in no condition to bring a suit in regard to her remainder, or to set aside the sale on execution as a cloud on her title.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. DANIEL M. BROWNING, Judge, presiding.

Mr. GEO. W. YOUNG, for the plaintiff in error:

The plaintiff in error was the daughter and heir at law of Samuel Aikman, deceased, who died in 1849. In 1850 she was married to her present husband, Patrick H. Lang, by

whom she had one child, now living. In 1852 her husband, in her right, filed the bill for partition, in which all the heirs were given, Patrick H. being mentioned only as the husband of Sarah Lang. He had acquired no interest in the land, either by descent, gift or purchase. The commissioners set off lot No. 9 to him in their report, which was approved. This was clearly a mistake.

Courts of equity have complete jurisdiction in all cases where fraud, accident or mistake occurs. 1 Story's Eq. Jur. sec. 3; *Dwen* v. *Blake,* 44 Ill. 136.

Equity will treat that which should have been done, as done. *Mercantile Insurance Co.* v. *Jaynes,* 87 Ill. 199. A superior equity will countervail a legal title. *Comstock* v. *Henneberry,* 66 Ill. 212.

Mr. WILLIAM W. CLEMENS, for the defendant in error:

In October, 1878, Patrick H. Lang confessed a judgment in the Williamson circuit court in favor of Appleton, Noyes & Maude, for $704.50, upon which the land in dispute was sold on execution to the defendant in error for $600. This bill was filed to set aside this sale as a cloud on the plaintiff's title.

It is not charged in the bill or proved that the defendant in error had any notice that the land was the property of any one except P. H. Lang, as shown on the face of the commissioner's report, as filed, approved and recorded, twenty-eight years ago.

Defendant in error having acted upon the evidence of title as it appeared from the public record, should be protected in his rights.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error, as one of the heirs at law of Samuel Aikman, deceased, was, on the 17th of December, 1849, seized in fee simple of an undivided interest in the real estate whereof

said Aikman died seized. A petition, purporting to be filed by and on behalf of plaintiff in error and her husband, Patrick Lang, was presented to the circuit court of Williamson county, at its April term, 1852, praying for the partition of such real estate. At that term a decree of said court was rendered, decreeing that there should be a partition as prayed in the petition. Commissioners were appointed, and they reported that they had made partition, by, among other things, setting apart to said husband of plaintiff in error, Patrick Lang, the property now in controversy. This report was approved by the court at the same term. Thereafter, said husband of plaintiff in error, Patrick Lang, had the supervision and control of the property. Judgment was confessed by said Patrick Lang on the 19th of October, 1878, before the clerk of the circuit court of Williamson county, in favor of Appleton, Noyes & Maude, for $704.50. Execution was issued upon this judgment, and levied upon the real estate in controversy, and it was sold by the sheriff to defendant in error on the 8th of February, 1879, for $600. Bill was filed to set aside this sale as a cloud upon the title of plaintiff in error. The bill, on hearing, was dismissed.

Without entering upon the question whether plaintiff in error is entitled to any interest in this property, it is quite clear the decree below must be affirmed. The interest of plaintiff in error in the property, it has been seen, was derived as early as December 17, 1849, and in 1852 she appears to have been the wife of her present husband, Patrick Lang. They have one child,—whether born before or after the Married Woman's law of 1861 took effect does not appear. If born before that time, Patrick Lang had an estate in this property for his life; if born subsequently, he had an estate in it during coverture, (*Rose* v. *Sanderson*, 38 Ill. 247,) and, in either event, the estate was one which might be sold on execution. *Rose* v. *Sanderson, supra; Shortall* v. *Hinckley et al.* 31 Ill. 219. Until the death of her husband, or the extinguishment of his estate by divorce, or in some

other way, she is in no condition to bring a suit in regard to her remainder.

The sale here is good as to the husband's estate, and when it is sought thereby to affect the remainder of plaintiff in error, it will be time enough for her to complain. *Higgins* v. *Crosby,* 40 Ill. 260; *Noble* v. *McFarland,* 51 id. 226; *Morrison et al.* v. *Norman,* 47 id. 477; *Kibbie* v. *Williams,* 58 id. 30; *Castner* v. *Walrod,* 83 id. 171.

The decree is affirmed.

*Decree affirmed.*