## Elias R. Bowen

### v.

## Florence McCarthy, Mary L. Lloyd et al.

*Trustee—Foreclosure—Equitable Mortgage—After-Acquired Title.*

Upon a bill filed to foreclose a trust deed as a mortgage, it is *held:* That a clause contained in certain chattel mortgages did not amount to an equi-

table mortgage, the mortgagor having no estate in the premises, and no connection therewith except as guardian of the estate of his infant daughter; and that an after-acquired title did not inure to the mortgagee in said mortgages.

[Opinion filed April 11, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

This is an appeal from the decree of the court below, in a proceeding to foreclose a trust deed as a mortgage, and settle equities between incumbrancers. The material facts shown by the pleadings and by the evidence are, that some time in the year 1860, one Josephine Spear, being seized in fee of lot 13, Canal Trustees', etc., having a frontage of fifty feet upon Center Avenue, near Madison Street, in the City of Chicago, intermarried with one Sidney P. Walker; that the only child of said marriage was born December 21, 1863, and named Mary Louise Walker; that ten months after the birth of said child, and in the year 1864, said Josephine, the mother, died intestate, leaving said Mary Louise as her only heir at law, and her said husband, her surviving; that about November 1, 1872, said child being then nine years of age, letters of guardianship of her estate were issued by the County Court of Cook County to said Walker, who qualified by giving bond, and continued to act as such guardian until discharged by the proper court, January 5, 1883; that in 1857 Elias R. Bowen, the appellant, entered into possession of said lot 13, under a lease for nine years, made by one Ira Herriman, who was guardian of the estate of said Josephine Spear, but attorning and paying rent to said Sidney P. Walker some time after his marriage with said Josephine Spear, and that after the expiration of said lease, Bowen continued to occupy the premises under said Walker, but without any written lease, so far as the case shows. It appears that said Walker had bought and lived upon the lot next south of that in question; that during all the transactions in question their relations were very intimate, Bowen having married and was living with Walker's mother; and the evi-

dence tended to show that Bowen was familiar with all the facts respecting the title of said lot 13 being in said Mary Louise after her mother's death, and said Sidney P. Walker being the guardian of her estate. It appears that September 4, 1874, by means of a sale of stock by Bowen to Walker, the latter became indebted to the former in the sum of $4,600, for which he gave his promissory note, payable in two years from date, and, to secure the same, a chattel mortgage upon certain specified personal property, which was recorded as such; that in such chattel mortgage the only reference to said lot 13 is found in the defeasance clause, which reads:

"*Provided, nevertheless*, that if the said Sidney P. Walker, his heirs, executors, administrators or assigns, shall well and truly pay, or cause to be paid unto the said Elias R. Bowen, his heirs, executors, administrators or assigns, the sum of $4,600 and interest thereon, according to the tenor and effect of one promissory note, dated September 4, 1874, signed by the party of the first part [said Walker] and payable to the order of the party of the second part [said Bowen], in two years after date with interest [after date] at the rate of ten per cent. per annum (*said note having been extended two years from maturity thereof* upon condition that the rent of the north thirty feet of lot 13, block 3, in W. ¼ and W. ½ of N. E. ¼ Section 17, and known as No. 15 Center Avenue, Chicago, *shall be applied to pay interest on said note or the principal thereof, so long as any portion thereof remains unpaid*)—then and from thenceforth these presents and everything therein contained shall cease and be null and void."

It appears that April 12, 1877, said Walker, and Emma, his wife (he having married again), executed to said Bowen a further chattel mortgage, which was recorded as such, to secure Walker's note for $4,500, being part of the same indebtedness as above, which chattel mortgage contained in the defeasance clause, the same provision as above as to the rents of said north thirty feet of lot 13, and in the same words; that during all these transactions as to said Walker's individual indebtedness to Bowen, the said Mary Louise was the lawful owner of said lot 13, was a minor under eighteen

years of age, and said Walker was guardian of her estate, of all of which matters Bowen had knowledge.

The case shows that on the very next day after said Mary Louise attained the age of eighteen years, December 22, 1881, her father, the said Walker, still sustaining the relation of guardian of her estate, obtained from her a quitclaim deed of all her interest in said lot 13, at the same time making his promissory note to her for $2,500, payable in five years, with interest; and to secure the same, he, together with his then wife, Emma J., executed a mortgage in due form upon said lot, to said Mary Louise, but which Bowen contended was not delivered to her before said Walker's death, which occurred January 22, 1884, he then being insolvent. The evidence of said Mary Louise, which was competent as against said Bowen, tended, with other evidence, to prove a delivery at the time of making the same.

The case also shows that, December 20, 1881, said Walker borrowed the sum of $1,500 of Rev. William A. Smith, and, for the securing the repayment of the same, he and his said wife executed a mortgage to said Smith upon said lot, which was afterward purchased by said Emma J. Walker with her own funds, to whom it was assigned; that December 14 1882, said Walker borrowed $1,000 of appellee McCarthy, to secure the repayment of which he and his said wife executed a trust deed of said lot to one Murphy, as trustee. The original bill was brought by McCarthy to foreclose that trust deed as a mortgage, all persons who were proper parties being made parties defendant. Bowen, in his answer, set up said chattel mortgages, claiming that by them there was created a lien on said north thirty feet of said lot 13, in the nature of an equitable mortgage, to secure the said indebtedness of Sidney P. Walker to him, which was prior in time and in right to all the other of said incumbrances. But that claim was rejected by the chancellor, and a decree of foreclosure passed, adjusting equities between the other incumbrancers, who are content therewith, and Bowen alone appealed, and has assigned error.

Mr. EDWARD ROBY, for appellant.

Messrs. Burke & Hollett, for Emma J. Walker et al., appellees.

Mr. James Lloyd, for Mary L. Lloyd, appellee.

McAllister, J. The act entitled "An act to protect married women in their separate property," went into force April 24, 1861. But before said act went into force, and in 1860, Sidney P. Walker intermarried with Josephine Spear, who was the owner in fee of the premises in question in this suit. Of that marriage only one child was born, viz., Mary Louise Walker. But she was not born until after said act went into force, and December 21, 1863. Under that state of facts, the only estate which Sidney P. Walker had in his wife's said real estate was that of a tenant during coverture; and she having died in the year 1864, such tenancy was thereby terminated. Rose v. Sanderson, 38 Ill. 247; Lang v. Hitchcock, 99 Ill. 550.

It appears, therefore, from the record in this case, that said Walker, at the time of the execution by him of the respective chattel mortgages to Bowen, the appellant, containing the clause upon which the alleged equitable mortgage of a portion of said real estate is predicated, had no estate whatever in said premises, and that the only connection he had with it was as guardian of the estate of his infant daughter, said Mary Louise, in whom the legal title was vested as heir of her deceased mother.

But it is claimed on behalf of Bowen, the appellant, that the title subsequently acquired by Sidney P. Walker by the quitclaim deed of his said ward to him after she attained her majority, inured to the benefit of him, said Bowen. We can not concur in that view, for the following reasons: The after-acquired title could not inure by virtue of the statute, because there was no deed or conveyance from Sidney P. Walker to Bowen, purporting to convey an estate in fee simple absolute in any portion of the premises in question. It could not inure by way of estoppel by covenant, because there was no covenant appropriate to that end. Holbrook v. Debo, 99 Ill. 372.

Upon the whole case, we think the decree appealed from is supported by the evidence, is right, and should be affirmed.

*Decree affirmed.*